Opinion of the Court, by
Judge Owsley.
BY a writing, signed and sealed, the parties to this contest, on the 2d of December 1816, entered into an agreement, whereby Baker, &c. covenanted on their part to deliver, at the Lower Blue-Lick, by the 15th of February next thereafter, eight hundred and fifty barrels of flour, one-third fine and two-thirds superfine, and sixty or eighty barrels of pork in pickle, in the usual proportions of mess, prime and cargo, as said Legrand might thereafter direct, and from seven to nine hundred weight of merchantable hogs’ lard, in good, tight barrels, to be delivered in like order, at the same time and place of the flour; and for which Legrand, on his part, covenanted to pay Baker, &c. two-thirds of the amount on delivery, in Kentucky bank notes, and one-third in one hundred and twenty days thereafter, giving them his note for the one-third, negotiable and payable at the Paris branch bank; the flour at six dollars per barrel, the pork at ten dollars, and the lard at eight cents per pound. And it was also further agreed between the parties, that Legrand would take of Baker, &c. three well built Orleans boats and their fixments, at one hundred dollars each; and the payments were to be made therefor in the same way as for the flour, &c.
On this agreement Legrand brought his action of covenant, and after setting it forth in his declaration, alleges that he attended on the 15th of February, at the Lower Blue-Lick, ready and willing to perform his part of the covenant; and that, on the 15th of February, he paid Baker, &c. $400 in Kentucky bank notes, and on the 19th of March in the same year, he paid, in notes of the same bank, $800, and on the 5th of June thereafter, $778 in similar money; but that the said Baker, &c. were not present at the Lower Blue-Lick, on the said 15th of February 1817, and did not then and there deliver the flour, pork or lard, or any part thereof, agreeable to their covenant, &c.
*254 To this declaration Baker, &c. pleaded covenants performed; and also, that the said Legrand did not, on the 15th of February 1817, attend in person or by agent at the Lower Blue-Lick, in order to receive the said flour, pork and lard, and ready to pay the said Baker, &c. two-thirds of the price thereof in Kentucky bank notes, and to give them his note, negotiable and payable in the Paris branch bank, for the other third; and did not pay the sums of $400, and $800, and $778, in Kentucky notes, as he, the said Legrand, in his declaration has alleged, &c. and concludes to the country.
To this latter plea issue was joined; and a replication being filed to the first plea, issue was thereto also joined. A jury was called to try the issues; and Legrand, to support the issue on his part, proved by one witness, that on the 14th of March 1817, he, Legrand, received from Morton, in Lexington, $4,722, for the purpose of meeting the contract declared on; that the witness knew nothing of Legrand’s being at the Blue-Lick on the 15th of February 1817, or his offering to Baker, &c. on that day, his note on the Paris branch bank, or the money; but he knew Legrand left Lexington for that purpose. The witness also proved, that on the 4th of March he paid Legrand $1,000, and on the 18th $3,000, and on the 19th of the same month $900; and that he understood Legrand was a purchaser of Flour at Limestone, as well as at the Blue-Lick, and that he was informed by Legrand, that he wanted money to pay for purchases at the Blue-Lick. Legrand also read in evidence a writing given by him to Bowles, (one of the appellants,) in the following words:
“I intend instituting suit against Martin Baker, William Bowles and Christian Pufathers, on a contract for the delivery of flour, &c. Bowles’ name is included, because requisite by the forms of law; but inasmuch as he has complied with his part of the contract, in furnishing such articles as he understood were expected to be furnished by him, I shall look to the others concerned, and will not require said Bowles to pay any part of the damages which I may recover.
(Signed) A. Legrand.
Lexington, 5th June, 1817.”
After this evidence was introduced, it being all that was offered by Legrand, except the prices of the articles stipulated for in the covenant, the defendants in *255 the court below moved the court to exclude the evidence, as incompetent, and to instruct the jury to find as in case of a nonsuit; but the court overruled the motion, and by exceptions taken to the opinion of the court, the evidence was made part of the record.
In refusing the instructions asked, we are of opinion, the court below erred. By adverting to the declaration, it will be perceived that the covenants on the part of Legrand were to be performed on the same day of those on the part of Baker, &c. To enable Legrand to recover against Baker, &c. for not performing the covenants on their part, it is essential, therefore, that he should show either an actual performance or a readiness at the day and place to perform the covenants on his part. Giving, however, to the evidence, its strongest operation against Baker, &c. and admitting every fact which it conduces in the slightest manner to prove, neither the actual performance of any part of Legrand’s covenants, nor his readiness at the day and place to perform, can be conceded. Legrand is proved to have left Lexington for the Blue-Lick; but the time of his departure from Lexington, whether in sufficient time to arrive at the Blue-Lick on the 15th of February 1817, is not shown; and if it were, there is not only a failure to prove that he set out furnished with the means of performing his part of the contract, but it would require a forced and unusual presumption, to infer from the fact of his departure from Lexington, unaided by any other circumstance, that he actually arrived in due time at the Blue-Lick, and was there on the 15th of February 1817, ready and willing to perform the covenants on his part. And in the bill of exceptions taken to the opinion of the court in refusing to give the instructions to the jury, there is not a vestige of evidence, except that of Legrand’s leaving Lexington for the Blue-Lick, conducing to show an intention on his part to be at the Blue-Lick on the 15th of February; and there is no evidence whatever, of his being, prior to that day, prepared to perform his part of the covenant. Under this state of the evidence, we can entertain no doubt, but that Legrand failed to support the issue on his part, and that the jury should have been instructed as asked for by Baker, &c.
The judgment against them must, therefore, be reversed with costs, the cause remanded, and further proceedings had, not inconsistent with this opinion.